**KITT, Admr. v SWOPE**

Ohio Appeals, 1st Dist, Hamilton Co

No 5017. Decided April 6, 1936

Heilker & Heilker, Cincinnati, for plaintiff in error.

Cedric Vogel, Cincinnati, for defendant in error.

## OPINION

By HAMILTON, J.

This law suit grows out of exceptions to the final account of the Administrator de bonis non of the Estate of C. E. Swope, deceased. The exceptions were based on the failure of the administrator to pay a claim of Mattie H. Swope, surviving widow for money advanced for the funeral bill and expenses of the last sickness of her deceased husband.

The Probate Court allowed the claim in the sum of $1085.00. The court allowed the sum of $425.00 of that amount as a preferred claim for funeral expenses up to $200.00, and $225.00 for expenses of last sickness, and that she should be reimbused as a general creditor for the balance of the funeral bill amounting to $660.00. The administrator de bonis non appealed to the Court of Common Pleas, which rendered a judgment in accordance with the finding of the Probate Court. From that judgment, error is prosecuted to this court.

It is claimed that the Probate Court was without jurisdiction to pass on the claim. It is contended that the claim is controlled by the statutes, which requires suit to be brought in the proper court on the claim within two months after its rejection.

Evidence was taken in the Court of Common Pleas and is incorporated in a Bill of Exceptions.

It appears that the counsel for the administrator de bonis non was counsel for the widow claimant. He had

the bills for money advanced by the widow, and assured her that the matter would be taken care of. The administrator knew of the bills, which had been discussed, and admitted them to be correct as advancements by the widow. There is no evidence that the claim was ever rejected in the sense of denying that the claim was a proper claim against the estate. The main defense was that the claim was settled in an adjustment of the business of the concern of which claimant's deceased husband was the owner at the time of his death.

Decedent at the time of his death was indebted to a concern known as the Robinson Ransbottom Pottery Company. J. W. Ransbottom was a member of this concern and was also the first administrator of the decedent's estate. Several times during the administration of Ransbottom, the claim was discussed, and there is some evidence to the effect that they talked about settling their matters.

The plaintiff in error claims that there was some kind of a settlement by which the widow's claim was settled with the exception of her claim for her year's allowance. The administrator therefore recognized the account as being a proper one, and the itemized statements were in the hands of the administrator's attorney. At no time did the administrator or the administrator de bonis non reject the claim, of which they had full knowledge, and which they had acknowledged as an honest claim.

The citation of the authorities to the jurisdiction of the Probate Court to pass on the question of the exceptions, is, therefore, not in point in this proceeding.

Upon the exceptions, the only question considered by the Probate Court was as to the payment of the claim, which had never been rejected, but which had frequently been acknowledged both orally and by conduct.

Upon the question of the settlement of the account there is a dispute in the evidence. If the trial court believed the evidence submitted by the exceptor, the widow, that there had been no settlement, then he could order the administrator to settle the claim and incorporate the same in his final account.

We find no prejudicial error in the record, and the judgment is affirmed.

ROSS, PJ. & MATTHEWS, J., concur.